# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CT-01313-SCT

*JAMES LUVENE*

*v.*

*DOROTHY WALDRUP AND MICHAEL COOKE*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 7/12/2002 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PEARSON LIDDELL |
| | GREGORY C. WEISS |
| | MICHAEL J. HALL |
| ATTORNEYS FOR APPELLEES: | MICHAEL D. CHASE |
| | JOHN G. WHEELER |
| | BEVERLY DAVIS BUSKIRK |
| | GRADY F. TOLLISON |
| NATURE OF THE CASE: | CIVIL - LEGAL MALPRACTICE |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART, AND THE JUDGMENT OF THE CIRCUIT COURT IS REINSTATED AND AFFIRMED - 06/09/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1. James Luvene sued attorneys Dorothy Waldrup and Michael Cooke for legal malpractice in the Circuit Court of Marshall County. The circuit court granted Waldrup's and Cooke's separate motions for summary judgment, and Luvene appealed. A divided Court of

Appeals affirmed the judgment of the circuit court regarding Waldrup and reversed the judgment of the circuit court regarding Cooke. *Luvene v. Waldrup*, 2004 WL 1662525 (Miss. Ct. App. 2004) The Court of Appeals denied Cooke's motion for rehearing.

¶2.    Accordingly, Cooke filed a petition for writ of certiorari, and neither Luvene nor Waldrup have filed a response in opposition to the petition.  We granted the petition for certiorari and now reverse the Court of Appeals' judgment as to Cooke.  We hold that the Court of Appeals erred in reversing the trial judge's grant of summary judgment to Cooke. Therefore, we affirm in part and reverse in part the Court of Appeals' judgment and reinstate and affirm the judgment of the circuit judge.

## FACTS AND PROCEEDINGS BELOW

¶3.    James Luvene was employed by Metropolitan Life Insurance Company [MetLife] from July 1993 until June 1998.   He filed claims with the Equal Employment Opportunity Commission [EEOC] against MetLife and his former supervisor, Shelby Ware, alleging discrimination and retaliatory discharge.   The EEOC issued two right-to-sue letters to Luvene on March 11, 1999, and May 9, 1999.    During this time, Luvene and Waldrup entered into a contract whereby Waldrup agreed to represent Luvene in his litigation against his former employer.[1]

¶4.    Waldrup, who was licensed to practice law in Louisiana, determined that the complaint had to be filed in Mississippi so she contacted Cooke regarding the representation of Luvene. Meanwhile, on June 4, 1999, at Waldrup's direction, Luvene filed a pro se complaint against

---

[1] The trial court granted Waldrup's motion for summary judgment and the Court of Appeals affirmed that decision.  Since Luvene did not file a petition for writ of certiorari regarding that decision, there are no issues regarding Waldrup before this Court.

his former employer in the United States District Court for the Northern District of Mississippi. On August 26, 1999, Cooke met with Luvene and Waldrup, and Cooke and Luvene entered into a contract for representation with the understanding that Waldrup would continue to represent him as well. Waldrup advised Luvene that she would complete the necessary paperwork to be admitted pro hac vice to represent Luvene in the matter in Mississippi.

¶5. Although Cooke acknowledged the deadline by which to serve MetLife with process, MetLife was not served with process in the district court case. Therefore, on March 22, 2000, the district court granted MetLife's motion to dismiss for insufficiency of service of process and dismissed the case without prejudice. On April 6, 2000, a motion for reconsideration of the decision was denied. Luvene contacted Waldrup to inquire about an appeal from that dismissal, and Waldrup informed him that she could not file the appeal because she would be out of town. However, Waldrup stated that she would check with Cooke to see if he could file the appeal but he declined to do so. As a result of the dismissal of his case against MetLife and Ware due to the failure of his attorneys to timely serve the named defendants, on August 1, 2000, Luvene filed a complaint against Cooke and Waldrup for legal malpractice.

¶6. In October 2001, Waldrup filed a motion for summary judgment and included her affidavit stating that she had not deviated from the standard of care. Although Luvene responded to Waldrup's motion, he did not include the affidavit of an expert witness in support of his legal malpractice claims. Subsequently, Cooke filed a motion for summary judgment on December 31, 2001. On March 8, 2002, the trial court conducted a hearing regarding Waldrup's motion, and the parties made arguments regarding the necessity of expert opinion

in support of a legal malpractice claim. The circuit court took Waldrup's motion under advisement.

¶7.    When Luvene finally responded to Cooke's motion for summary judgment on March 25, 2002, he still failed to include an expert's affidavit. The circuit court scheduled a hearing regarding Cooke's motion for June 6, 2002. On June 3, 2002, Luvene filed the affidavit of Charles Yoste, a licensed Mississippi attorney, to support his argument that genuine issues of material fact existed.

¶8.    In his opinion and order entered on July 15, 2002, the circuit judge granted both Waldrup's and Cooke's motions for summary judgment. The opinion stated, in pertinent part that:

> In order for Plaintiff to succeed in his claim against Cooke, it is incumbent upon Plaintiff to prove that, but for his attorney's negligence, he would have been successful in the prosecution of his claims against MetLife and/or Shelby Ware in the United States District Court action filed in the Northern District of Mississippi (the underlying action). This is the genuine issue of material fact. Mr. Yoste's affidavit fails to address this issue in any way. From his affidavit it is assumed he reviewed the pleadings, allegations and actions in the U.S. District Court action but he never concludes that, but for the negligence of his attorneys, Plaintiff, James Luvene, would have been successful. Therefore, the affidavit of Mr. Yoste is fatally defective and deficient. As a result of the dismissal of his case against MetLife and Ware due to the failure of his attorneys to timely serve the named defendants, on August 1, 2000, Luvene filed a complaint against Cooke and Waldrup for legal malpractice.

> That by failing to meet his obligation to provide evidence or opinion, by affidavit or otherwise, at the hearing of Cooke's Motion for Summary Judgment, that Cooke's negligence was the cause of his unsuccessful result in the underlying action, Plaintiff has failed to prove that any genuine issue of material fact exists as to causation in his claim against Cooke.

(Emphasis in original). The Court of Appeals reversed the circuit court's decision regarding Cooke and remanded the matter for further proceedings. The Court of Appeals stated, in pertinent part, that:

> ¶ 26. In order for Luvene to succeed in his claim of legal malpractice against Cooke, it is vitally important that he prove: (1) the existence of a lawyer-client relationship, (2) negligence on the part of the lawyer in handling his client's affairs entrusted to him, and (3) proximate cause of the injury which is typically stated that, but for his attorney's negligence, he would have been successful in the prosecution of his claim. *Wilbourn*, 687 So. 2d at 1215. The burden of proof required to prove legal malpractice as established in *Wilbourn* is what the plaintiff is to prove by a preponderance of the evidence throughout the course of trial. The burden of proof required to get beyond summary judgment is not as steep as it is at trial. It is true the affidavit alone does not rise to a level sufficient to prove by a preponderance of the evidence that but for Cooke's negligence Luvene would have been successful in his claim. However, the affidavit of Yoste does broadly cover the three requirements of *Wilbourn* and therefore does create a question of fact to be determined by a trier of fact.

*Luvene*, 2004 WL 1662525 at 5 (citing *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So. 2d 1205 (Miss. 1996)).

¶9.     Cooke filed a petition for writ of certiorari which was granted by this Court. In his petition as well as his brief, Cooke argues that the Court of Appeals' decision, which reversed the circuit court's granting of his motion for summary judgment, was in conflict with prior decisions of this Court as well as the Court of Appeals. We agree.

## ANALYSIS

¶10.    The issue before this Court is whether Yoste's affidavit was sufficient to overcome Cooke's motion for summary judgment. This Court has consistently held that:

> To recover a legal malpractice case in this state, it is incumbent upon the plaintiff to prove by a preponderance of evidence the following: (1) Existence of a lawyer-client relationship; (2) Negligence on the part of the lawyer in handling his client's affairs entrusted to him; and (3) Proximate cause of the

5

injury. ***Hickox v. Holleman***, 502 So. 2d 626, 633 (Miss. 1987). As to the second factor, a lawyer owes his client the duty to exercise the knowledge, skill, and ability ordinarily possessed and exercised by the members of the legal profession similarly situated. Failure to do so constitutes negligent conduct on the part of the lawyer. ***Id.*** at 634. As to the third essential ingredient, *the plaintiff must show that, but for their attorney's negligence, he would have been successful in the prosecution or defense of the underlying action. See* ***Thompson v. Erving's Hatcheries, Inc.***, 186 So. 2d 756 (Miss. 1966); ***Nause v. Goldman***, 321 So. 2d 304 (Miss. 1975); ***Hickox v. Holleman***, *infra*.

***Wilbourn***, 687 So. 2d at 1215 (emphasis added). This Court has also consistently held that in order to survive summary judgment:

> [T]he non-moving party must produce specific facts showing that there is a genuine material issue for trial. M.R.[C].P. 56(e); ***Frutcher v. Lynch Oil Co.***, 522 So. 2d 195, 199 (Miss. 1988). The non-moving party's claim must be supported by more than a mere scintilla of colorable evidence; it must be evidence upon which a fair-minded jury could return a favorable verdict. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

***Wilbourn***, 687 So. 2d at 1213-14. Expert testimony is ordinarily necessary to support an action for legal malpractice. ***Dean v. Conn***, 419 So. 2d 148, 150 (Miss. 1982).

¶11. This Court finds that there is sufficient evidence in the record to support the existence of the lawyer-client relationship, and this Court also finds that Yoste's affidavit provided sufficient information regarding Cooke's alleged negligence. However, the circuit court correctly found that Yoste's affidavit was fatally defective and deficient regarding the issue of causation. This affidavit was, in fact, a broad summarization of the three required elements of a legal malpractice claim. The affidavit failed to set forth "specific facts" and certainly did not provide more than "a mere scintilla of colorable evidence." Accordingly, the Court of Appeals erred in reversing the decision of the circuit court.

6

¶12. Yoste's affidavit stated that he had reviewed the material provided by Luvene regarding the federal court action. As to the element of causation, Yoste's affidavit stated:

> 7) That affiant is of the opinion, and will testify at the trial of this matter, that due to the actions of both of the defendants in this matter, Dorothy Waldrup and Michael Cooke, the plaintiff, James Luvene suffered injury and damages, which directly resulted from, and were directly caused by, negligence committed by each defendant in handling the affairs of James Luvene which were entrusted to them, and affiant is of the opinion that plaintiff is entitled to both compensatory and punitive damages in this matter.

Yoste's affidavit is silent on the issue of whether Luvene would have been successful in the federal court action, had Cooke not been negligent. Luvene did not present any other evidence to support his claim that Cooke's negligence proximately caused an injury. Therefore, Yoste's affidavit was insufficient for the purpose of showing that a question of fact existed. The affidavit is defective because it failed to provide a basis for the expert's broad conclusion that Cooke's negligence was the *cause* of Luvene's failure to prevail in federal court. We find that Luvene's malpractice claim fails as a matter of law because he failed to present any evidence as to the underlying claim sufficient to create a genuine issue of fact, thereby avoiding summary judgment. The affidavit of Yoste was fatally defective as correctly noted by the trial judge. We hold that due to this failure, as well as his failure to show proximate cause, the Court of Appeals erred and Cooke is entitled to summary judgment as determined by the trial court.

## CONCLUSION

¶13. For these reasons, we affirm in part and reverse in part the judgment of the Court of Appeals and reinstate and affirm the judgment of the circuit court.

¶14. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART AND THE JUDGMENT OF THE CIRCUIT COURT IS REINSTATED AND AFFIRMED.**

**WALLER AND COBB, P.JJ., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., CONCURS IN PART, AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**