BARNES, J., for the Court.
 

 ¶ 1. Marco J. Borne and the Estate of Eldridge Dupree (“Plaintiffs”) appeal the judgment of the Circuit Court of Rankin County, which granted summary judgment in favor of Defendant Dunlop Tire Corporation, Inc. (“Dunlop”). Finding no error, we affirm.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. This lawsuit originates from a single vehicle rollover accident early in the evening of February 14,1998, on Interstate 59 in Pearl River County, Mississippi. Borne
 
 *567
 
 was driving a 1992 Ford Explorer with two passengers: co-plaintiff, Eldridge Dupree, and another individual. Both passengers were ejected from the vehicle; Borne was not. As a result of the accident,. Dupree died, and Borne sustained severe injuries, including the subsequent amputation of his leg. Plaintiffs alleged that the right rear tire of the Explorer malfunctioned, along with unspecified defects in the Ford Explorer, causing the vehicle to go out of control and roll over.
 

 ¶ 3. In September 2001, Plaintiffs filed a self-styled “personal injury and wrongful death action” against several defendants, including Dunlop, as the manufacturer of the allegedly defective tire.
 
 [1]
 
 Plaintiffs’ claims include negligence, strict liability, and breach of warranty. Plaintiffs presented a Dunlop RV Radial Rover tire, which they claimed was the right rear tire that was mounted on the Explorer and malfunctioned, causing the accident.
 

 ¶ 4. During the course of discovery, in July 2004, Dunlop filed a motion for a protective order to limit Plaintiffs’ discovery requests. In its motion, Dunlop argued that it should not be required to go through extensive research and investigation when Plaintiffs had not shown that the tire they presented as the subject tire of the February 1998 accident was actually
 

 attached to the Ford Explorer at the time of the accident. Dunlop’s counsel explained at the hearing on the protective order that neither the Explorer nor any of the other tires were preserved after the accident. The only item presented to the Defendants as a remaining component of the accident was the subject tire. Dunlop contended that all of the evidence gathered at that point showed the alleged subject accident tire was not the tire mounted on Borne’s Explorer when the accident occurred. In January 2005, the trial court ruled that the parties were allowed limited discovery on information regarding the manufacturing, wholesale, and retail dates of the tire presented by Plaintiffs as the accident tire.
 
 [2]
 

 ¶ 5. In June 2005, after the trial court ruled on Dunlop’s protective order, Plaintiffs filed a “supplementation” to their opposition to Dunlop’s motion for a protective order: the affidavit of Jay C. Zainey, whose firm originally investigated the accident and who, since the lawsuit was filed, was appointed as a United States District Court Judge for the Eastern District of Louisiana. Plaintiffs provided the affidavit in an attempt to show that the chain of custody of the subject tire had not been breached. The affidavit stated in pertinent part:
 

 
 *568
 
 As best as I recall, on March 9, 1998, State Farm Fire & Auto Insurance Company verified that it had possession of the vehicle and that the tires were still on the vehicle. My records indicated that on April 8, 1998, my firm requested the tire from State Farm Fire & Auto Insurance Company. Soon thereafter, my employee, Wayne Parker, traveled to Long Beach, Mississippi where he retrieved the subject tire. As best as I recall, in May 1998, the subject tire was sent to a consultant. At sometime thereafter, it was returned to my possession. The tire was subsequently placed in storage at the U-Haul Storage Facility ... in New Orleans, Louisiana. It remained in this storage facility until it was turned over to the custody of the attorney, Mark Lumpkin, in November, 2001.
 

 ¶ 6. After additional discovery had concluded, on October 11, 2007, Dunlop filed a motion for summary judgment on the tire-identification issue. Dunlop alleged “nothing has changed” since the protective order — Plaintiffs still had not proven that the subject Dunlop RV Radial Rover tire was mounted on Borne’s Explorer at the time of the accident. Dunlop also addressed the validity of Jay Zainey’s affidavit, stating that it was invalid as it was not based on the affiant’s personal knowledge. Thus, Dunlop argued Jay Zainey’s affidavit should not be considered probative evidence.
 

 ¶ 7. In moving for summary judgment, Dunlop presented the following undisputed facts which Plaintiffs did not contest: Borne purchased his 1992 Ford Explorer in January 1996; Borne purchased three new Dunlop RV Radial Rover tires and had them mounted on his Explorer on November 24, 1997; and the rollover accident occurred almost three months after Borne had bought these new tires.
 

 ¶ 8. Dunlop supported its motion for summary judgment with the affidavit of Thomas Johnson, a tire performance manager for Goodyear Dunlop Tires North America, Ltd., who had inspected the subject tire and reviewed the police photographs taken at the accident scene. Johnson noted that, according to his review of the police photographs taken at the scene of the accident, the left front tire was not a Dunlop tire. Johnson stated he inspected the single tire presented by Plaintiffs as the right rear tire and found it to have excessive tread wear, measuring 4/32nds of an inch groove depth down to 2/32nds and 0/32nds inches at the serial side shoulder.
 
 [3]
 
 He also stated that the subject tire had some tread missing and the rest of the tread was “worn excessively.” Photographs of the subject tire submitted by Plaintiffs confirm these observations.
 
 [4]
 
 Additionally, Borne had testified in his deposition that he had driven the Explorer between 3,000 and 4,000 miles with the subject tire mounted on the Explorer, from the time of purchasing the three tires on November 24, 1997, and the date of the accident on February 14, 1998, which coincided with the monthly mileage calculated by the vehicle’s odometer reading during this time. Johnson opined that if the tire had been purchased new in November 1997, as indicated by Borne, it was impossible for the tread to be as worn as the
 
 *569
 
 subject tire, after only a few months’ use and 3,000 to 4,000 miles’ wear. Therefore, Johnson concluded that the tire presented for inspection could not have been on the vehicle at the time of the accident.
 

 ¶ 9. In further support of its motion, Dunlop attached the deposition testimony of Joseph Johnson, a Mississippi State Trooper who was called to the scene of the accident. He testified that his accident report reflects that the right rear tire blew out; he did not observe any tread separation at the scene of the accident, which Plaintiffs contended caused the accident.
 

 ¶ 10. On December 10, 2007, a hearing was held on Dunlop’s motion for summary judgment, at which time Dunlop moved to strike Jay Zainey’s affidavit. At the hearing, counsel for Dunlop also argued that the subject tire, allegedly sold to Borne as a new tire in November 1997, was manufactured in 1994. The trial court found Jay Zainey’s affidavit was “not sufficient” to meet the requirements of Mississippi Rule of Civil Procedure 56(e)
 
 [5]
 
 and granted Dunlop’s motion for summary judgment because Plaintiffs had not established that the subject tire was actually on the vehicle at the time of the accident. Plaintiffs timely appealed, raising two issues: the supposed striking of Jay Zainey’s affidavit at the motion hearing and the appropriateness of summary judgment.
 

 STANDARD OF REVIEW
 

 ¶ 11. This Court reviews a trial court’s grant of summary judgment de novo.
 
 Brown ex rel. Ford v. J.J. Ferguson Sand & Gravel Co.,
 
 858 So.2d 129, 130(¶5) (Miss.2003) (citing
 
 O’Neal Steel, Inc. v. Millette,
 
 797 So.2d 869, 872(¶8) (Miss.2001)). In conducting its review, this Court looks “at all evidentiary matters before us, including admissions in pleadings, answers to interrogatories, depositions, and affidavits.”
 
 Id.
 
 (citing
 
 Lee v. Golden Triangle Planning & Dev. Dist., Inc.,
 
 797 So.2d 845, 847(¶ 5) (Miss.2001)). This evidence will be viewed in the light most favorable to the nonmoving party.
 
 Id.
 
 (citing
 
 Leslie v. City of Biloxi,
 
 758 So.2d 430, 431 (¶ 5) (Miss.2000)). Summary judgment is appropriate if “there is no genuine issue as to any material fact and that the moving párty is entitled to a judgment as a matter of law.” M.R.C.P. 56(c).
 

 ANALYSIS OF THE ISSUES
 

 1. Jay Zainey’s Affidavit
 

 ¶ 12. Plaintiffs relied on the affidavit of Jay Zainey, who originally represented Borne, to rebut Dunlop’s motion for summary judgment. Through the affidavit, Plaintiffs attempted to establish a chain of custody regarding the subject tire. Plaintiffs argue that the trial judge erroneously struck the affidavit at the hearing on Dun-lop’s motion for summary judgment. Plaintiffs contend that since no formal motion to strike the affidavit was filed by Dunlop, they were not provided an opportunity to respond, which they argue was improper. Finally, Plaintiffs state the affidavit was substantively sufficient under Rule 56(e).
 

 ¶ 13. It is undisputed that Dunlop did not file a motion to strike Jay Zainey’s affidavit with the court; instead, it made the motion for the first time at the hearing, arguing that the affidavit was facially and substantively insufficient pursuant to Rule 56(e); the affidavit was not based on the personal knowledge of Jay Zainey; and it did not create a genuine issue of
 
 *570
 
 material fact. Plaintiffs’ counsel promptly objected. In reviewing the hearing transcript, however, we note the trial judge did not actually strike the affidavit. Instead, the trial judge stated that the affidavit was “not sufficient” to meet the requirements of Rule 56(e), thereby implying that he did, in fact, consider the affidavit in assessing whether Plaintiffs met their burden of proof in rebutting Dunlop’s motion for summary judgment. Jay Zainey’s affidavit contained a double layer of hearsay. “[M]ost, if not all, affidavits are hearsay, but they are nevertheless properly considered on summary judgment motions as long as they are based on personal knowledge and set forth facts such as would be admissible in evidence.”
 
 Stewart v. SE. Foods, Inc.,
 
 688 So.2d 733, 734 (Miss.1996) (citing M.R.C.P. 56(e)). Here, however, Jay Zainey’s information about the subject tire is not based on his own personal knowledge, but on that of State Farm and his firm’s employee who retrieved the tire from State Farm. Jay Zainey’s affidavit is carefully worded not to overstate his position.
 

 ¶ 14. Because the affidavit was not stricken, we find this issue without merit. In the following issue, we shall discuss the affidavit’s substantive deficiencies pursuant to Rule 56(e).
 

 2. Summary Judgment
 

 ¶ 15. Borne contends that there is a genuine issue of material fact regarding whether the subject tire in Borne’s possession was, in fact, the tire on his Explorer at the time of the accident. He argues that the trial court impermissibly weighed the evidence and resolved the ultimate issues of the case by granting summary judgment based on its own observations and assessment of the evidence. We disagree.
 

 ¶ 16. The law of summary judgment is well established. Summary judgment is warranted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to his case and on which he bears the burden of proof at trial.
 
 Grisham v. John Q. Long V.F.W. Post, No. 4,057, Inc.,
 
 519 So.2d 413, 416 (Miss.1988) (citing
 
 Galloway v. The Travelers Insurance Co.,
 
 515 So.2d 678, 683 (Miss.1987)). Therefore, to survive summary judgment, the party opposing the motion must “rebut by producing significant probative evidence showing that there are indeed genuine issues for trial.”
 
 Price v. Purdue Pharma Co.,
 
 920 So.2d 479, 485(¶ 16) (Miss.2006) (quoting
 
 McMichael v. Nu-Way Steel and Supply, Inc.,
 
 563 So.2d 1371, 1375 (Miss.1990)). “[A]n adverse party may not rest upon the mere allegations or denials of the pleadings, but instead the response must set forth specific facts showing that thex-e is a genuine issue for trial.”
 
 Id.
 
 at 483-84(1110). Furthermore, each element of each claim must be based on more than a scintilla of evidence; it must be “evidence upon which a fair-minded jury could return a favorable verdict.”
 
 Luvene v. Waldrup,
 
 903 So.2d 745, 748(¶ 10) (Miss.2005) (quoting
 
 Wilbourn v. Stennett, Wilkinson & Ward,
 
 687 So.2d 1205, 1214 (Miss.1996)).
 

 ¶ 17. In their complaint, Plaintiffs claim the subject tire was defective and caused the accident which resulted in the death of Dupree and serious injury to Borne. Therefore, an essential element of each of Plaintiffs’ legal claims against Dun-lop is that this specific Dunlop RV Radial Rover tire was the tire on the vehicle at the time of the accident. Dunlop, in moving for summary judgment, presented evidence to the effect that the subject tire could not have been on the vehicle at the time of the accident. The burden of proof then shifted to Borne to rebut Dunlop’s
 
 *571
 
 contentions and submit “significant, probative evidence” showing there was a triable issue of fact as to whether the subject tire was mounted on the right rear of the Explorer at the time of the accident. Plaintiffs, however, failed to present such proof and instead relied wholly upon Jay Zainey’s affidavit.
 

 ¶ 18. Dunlop concluded that the subject tire’s tread depth, based on Plaintiffs’ factual time line, established that the subject tire was not on the vehicle at the time of the accident, and our de novo review of the record confirms this conclusion. According to Borne’s discovery responses and deposition, he purchased three new Dunlop replacement tires on November 24, 1997, and had them mounted on his Explorer. The accident at issue occurred nearly three months later on February 14, 1998. Borne testified in his deposition that he traveled between 3,000 and 4,000 miles with the new Dunlop tires during this approximate three-month period. The Explorer’s odometer readings corroborated Borne’s mileage estimation. He testified that he never looked at his tires; so he did not know how worn they were. The evidence shows that the Dunlop subject tire was manufactured during the thirty-third week of 1994. Dunlop’s tire performance manager, Thomas Johnson, physically examined the subject tire which revealed excessive tread wear. Johnson was of the opinion that it was physically impossible for a new tire after only 3,000 to 4,000 miles of usage to exhibit the tread wear he measured. Therefore, he concluded the subject tire could not have been on Borne’s Explorer at the time of the accident.
 

 ¶ 19. Further, photographs of the subject tire presented by Plaintiffs show a significant amount of tread missing, which is indicative of tread separation, not a blowout. Contrastingly, Trooper Joseph Johnson, who was on the scene investigating the accident, testified in his deposition that his personal inspection of the tire at the scene revealed nothing more than a blowout, not tread separation. Trooper Johnson testified he would have noted any tread separation in his report if he had noticed any at the scene.
 

 ¶20. Plaintiffs argue that since Dun-lop’s motion for summary judgment was based solely on whether the subject tire was on the Explorer during the accident, not the ultimate issue of whether the tire was defective, this is the only issue before the Court. We agree. However, Plaintiffs further contend that Jay Zainey’s affidavit creates a genuine issue of material fact about the chain of the tire’s custody from the time of the accident until it was turned over to Borne’s current attorney. We disagree.
 

 ¶ 21. In his affidavit, Jay Zainey stated, “[a]s best as I recall, on March 9, 1998, State Farm Fire & Auto Insurance Company verified that it had possession of the vehicle and that the tires were still on the vehicle.” The next month, Jay Zai-ney’s firm requested the tire, and a firm employee traveled to Long Beach, Mississippi to retrieve it. Then, in May 1998, Jay Zainey again stated, “[a]s best as I recall,” the subject tire was sent to a consultant, returned to his possession, placed in storage in New Orleans, Louisiana and handed over to Plaintiffs’ current counsel. The trial judge found Jay Zainey’ affidavit insufficient under Rule 56(e) because it was not based on Jay Zainey’s personal knowledge.
 

 ¶ 22. We find the trial judge properly found Jay Zainey’s affidavit insufficient. Jay Zainey’s affidavit does not set forth specific facts showing there is a genuine issue for trial; it merely contains multiple levels of hearsay statements concerning the chain of custody of the tire. There is no testimony from the actual individuals
 
 *572
 
 who may have handled the tire; instead, Jay Zainey recounts what he heard happened to the tire. While most affidavits are hearsay, the supreme court has stated that such affidavits may be considered on summary judgment motions where they are “based on personal knowledge and set forth facts such as would be admissible in evidence.”
 
 Levens v. Campbell,
 
 733 So.2d 753, 758(¶ 13) (Miss.1999) (citing
 
 Stewart,
 
 688 So.2d at 734). Here, there is no personal knowledge expressed by Jay Zainey about the subject tire. The affidavit neither indicates that Jay Zainey actually saw or examined the subject tire nor that Jay Zainey even specifically linked his statements to the specific Dunlop RV Radial Rover tire presented by Plaintiffs in this case. Accordingly, the affidavit is substantively insufficient in linking statements about the subject tire to the tire on the Explorer at the time of the accident.
 

 ¶ 23. While Plaintiffs’ ultimate issue is whether the tire is defective, the first hurdle for all of Plaintiffs’ claims is to establish that the subject tire they presented was actually the tire on the vehicle at the time of the accident. This they did not do. There is no admissible evidence linking the tire presented in discovery to the accident at issue; there is only the affidavit of a single witness with no personal knowledge repeating hearsay and double hearsay.
 
 [6]
 
 It appears from the facts of this case, that State Farm had exclusive control over the tire at issue, and someone who had personal knowledge of the storage of the tire would have to testify that the tire, which was turned over to Parker, an employee of Jay Zainey’s firm, was in fact the tire that was on the vehicle at the time of the accident. This was not done. Plaintiffs were aware that the authenticity of the subject tire was at issue since July 2004, yet they never presented an affidavit of anyone with personal knowledge of its chain of custody.
 

 ¶ 24. After careful examination of the record, we find Plaintiffs failed to meet their burden of linking the subject tire to the tire that was on the Explorer at the time of the accident. Plaintiffs failed to provide specific, significant, probative evidence to rebut Dunlop’s contentions and to establish a genuine issue for trial “upon which a fair-minded jury could return a favorable verdict.”
 
 See Luvene,
 
 903 So.2d at 748(¶ 10). Therefore, we affirm the trial court’s grant of summary judgment in favor of Dunlop.
 

 ¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Borne also sued Bridgestone/Firestone, Inc., as the retailer of the allegedly defective tire; Ford Motor Company as the manufacturer of the allegedly defective Ford Explorer; and Interstate Ford, as the retailer of the vehicle. Ford Motor Company and Interstate Ford settled with Plaintiffs and were dismissed from the case. Plaintiffs voluntarily dismissed Bridgestone/Firestone, Inc., after it filed a motion for summary judgment on the ground that it did not sell Dunlop tires at the time relevant to this case. Therefore, this appeal involves only Defendant Dunlop, as all of the other original defendants are no longer a part of this action.
 

 Plaintiffs initially filed the action in the Hinds County Circuit Court; however, venue was changed to the Rankin County Circuit Court, from which this appeal was taken.
 

 [2]
 

 . Borne testified he paid cash for the tires, but he could not produce a receipt for them. As previously mentioned, Plaintiffs voluntarily dismissed their suit against the alleged retailer, Bridgestone/Firestone, Inc., after the retailer established that it did not sell Dunlop tires at the time Borne contends he purchased the Dunlop tire. The subject tire had no individualized serial number for tracking it from the manufacturer to the retailer; counsel for Dunlop explained that this is not unusual.
 

 [3]
 

 . Johnson stated that a tread is considered worn out when any groove reaches 2/32nds of an inch of tread remaining or less. The tread depth on a new tire of this type is 16/32nds of an inch.
 

 [4]
 

 . In these photographs, as Dunlop's counsel argued at the summary judgment hearing, the subject tire is "completely void of tread, worn out, [containing a] flat surface, bald, and also [there is] a big part of the tire where the tread is entirely missing.”
 

 [5]
 

 . Rule 56(e) requires supporting and opposing affidavits to be made on personal knowledge, setting forth facts that would be admissible in evidence, and “show affirmatively that the affiant is competent to testify to the matter stated therein.”
 

 [6]
 

 .
 
 Implicitly, Jay Zainey's affidavit is based either upon what State Farm ''verified” to him or what his employee, Wayne Parker, told him upon his return with the tire. Each hearsay pari of the statement must qualify under an exception for hearsay to be admissible. M.R.E. 805 cmt.