ISHEE, J.,
 

 for the Court:
 

 ¶ 1. The Circuit Court of Lamar County granted summary judgment in favor of Campus Edge of Hattiesburg, LLC (Campus Edge) and Hattiesburg Associates Owner, LLC (Associates). The circuit court found that there was no negligence by either defendant. Furthermore, the circuit court found that, even if there was negligence, Paul Smith had failed to present any competent evidence of damages suffered as a result. Aggrieved, Smith files the present appeal and asserts the following issues:
 

 I. Whether Associates’ motion for summary judgment was barred by res judicata;
 

 II. Whether the circuit court erred in granting summary judgment for Campus Edge and Associates when a genuine issue of material fact existed; and
 

 III. Whether the circuit court erred in considering the issue of damages in granting summary judgment.
 

 Finding the second and third contentions of error meritorious as they relate to Campus Edge, we affirm in part and reverse and remand in part.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶2. Smith owned land in Hattiesburg, Mississippi, on which four duplexes were located that he rented. He later purchased another piece of property that is adjacent to both Smith’s previously-owned property and the adjacent property of Terra Firma, Inc. (Terra Firma). Terra Fir-ma is the predecessor-in-title to the property next to Smith’s that was owned by Campus Edge and later by Associates. Smith planned to build duplexes on that property, which is the subject of this lawsuit.
 
 [1]
 

 ¶ 3. Previously, there had been a trailer park located partly on Smith’s property and partly on the adjacent property owned by Terra Firma. According to Smith, Terra Firma broke up the old concrete trailer pads and arranged them on its property in a manner that created a flooding problem on Smith’s adjacent property. After Smith filed a grievance with the City of Hattiesburg, he and Terra Firma reached an agreement concerning drainage across his property. The agreement was memorialized in a contract titled “BOUNDARY,
 
 *1286
 
 DRAINAGE LINE AND TEMPORARY CONSTRUCTION AND GRADING EASEMENT AGREEMENT.” In the agreement, Terra Firma agreed to install a drainage line across Smith’s property and to secure and provide performance of the grade and dirt work necessary to install the drainage line. Smith and Terra Firma agreed that it was their intent to resolve all disputes and concerns between the parties, and the contract provided that its provisions and obligations were “binding upon the heirs, administrators, executors, assigns and successors in title of the parties hereto.”
 

 ¶ 4. Terra Firma later sold its property to Campus Edge, which built an apartment complex on the property. According to Smith, during construction of the apartments, Campus Edge constructed what Smith refers to as a dam or berm on the line between Smith’s property and Campus Edge’s property. Smith complained that the berm caused water to flood his adjacent property. He also complained that Associates allowed the problem to persist after it purchased the property from Campus Edge.
 

 ¶ 5. Smith filed a complaint in the circuit court alleging breach of contract by Terra Firma, Campus Edge, and Associates; and Smith also asserted claims of negligence against Campus Edge and Associates. The circuit court granted summary judgment in favor of Terra Firma on Smith’s breach-of-contract claim. The circuit court later dismissed the breach-of-contract claims asserted against Campus Edge and Associates to the extent that those claims which arose from the alleged breach of contract by Terra Firma. The circuit court refused to grant Campus Edge’s and Associates’s motions for summary judgment on the negligence claims, and the court transferred the case to the Chancery Court of Lamar County on the court’s own motion.
 

 ¶ 6. In chancery court, Smith filed a second amended complaint. In his amended complaint, Smith removed Terra Firma as a defendant and withdrew his breach-of-contract claims against Campus Edge and Associates. In response, Associates filed another motion for summary judgment, which the chancery court denied. Following a motion by Smith challenging the chancery court’s jurisdiction, the case was transferred by an agreed order back to circuit court. Once again in circuit court, Campus Edge and Associates each filed new motions for summary judgment. The circuit court granted each defendant’s motion, finding that the deposition testimony of Benny Sellers, the director of public services and engineering for the City of Hattiesburg, demonstrated that there was no negligence by either. The court further found that Smith had failed to produce “competent evidence of any damages which were proximately caused or contributed to by any alleged acts of negligence on the part of either defendant.” It is from this judgment that Smith appeals.
 

 STANDARD OF REVIEW
 

 ¶ 7. This Court reviews a trial court’s ruling on a motion for summary judgment under a de novo standard.
 
 Albert v. Scott’s Truck Plaza, Inc.,
 
 978 So.2d 1264, 1266 (¶ 5) (Miss.2008) (citation omitted). The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists.
 
 Id.
 
 “The non-moving party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there are genuine issues for trial.”
 
 Id.
 
 This Court will examine “all the evidentia-ry matters before us, including admissions in pleadings, answers to interrogatories, depositions, and affidavits,” and we will do so in a light most favorable to the non-moving party.
 
 Id.
 
 If there exists a genu
 
 *1287
 
 ine issue of material fact, then summary judgment is not appropriate.
 
 Id.
 

 DISCUSSION
 

 I. Multiple Motions for Summary Judgment
 

 ¶ 8. In Smith’s first allegation of error, he takes issue with the circuit court’s decision to grant summary judgment after the chancery court had denied summary judgment based on the same amended complaint. Smith argues that Associates should have been estopped by the principle of res judicata from filing a second motion for summary judgment.
 

 ¶ 9. Contrary to Smith’s claim is the supreme court’s previous holding that: “An order denying summary judgment is neither final nor binding upon the court or successor courts.”
 
 Holland v. Peoples Bank & Trust Co.,
 
 3 So.3d 94, 104 (¶ 25) (Miss.2008) (quoting
 
 Mauck v. Columbus Hotel Co.,
 
 741 So.2d 259, 268 (¶ 29) (Miss.1999)). Holland dealt with a successor trial judge’s decision to reconsider an order denying summary judgment.
 
 Id.
 
 at 103 (¶24). In upholding the successor trial judge’s decision to grant summary judgment, the supreme court went on to state that:
 

 Moreover, “at the point of final decision on the merits the trial judge was duty bound to apply the law to the record then before the court, regardless of any prior ruling denying summary judgment.” In other words, the law-of-the-case doctrine, wherein a successor judge is precluded from correcting errors of law made by the predecessor judge or from revising the predecessor judge’s order or judgment on its merits, has no applicability where the order or judgment is not of a final character.
 

 Id.
 
 at 104 (¶ 25) (internal citation omitted). Smith cites to the test that the supreme court used to determine whether a judgment is final and, therefore, subject to res judicata:
 

 Generally, four identities must be present before the doctrine of res judicata will be applicable: (1) identity of the subject matter of the action, (2) identity of the cause of action, (3) identity of the parties to the cause of action, and (4) identity of the quality or character of a person against whom the claim is made.
 

 Anderson v. LaVere,
 
 895 So.2d 828, 832 (¶ 10) (Miss.2004) (quoting
 
 Dunaway v. W.H. Hopper & Assocs., Inc.,
 
 422 So.2d 749, 751 (Miss.1982)). However, “[i]n addition to these four identities, res judicata applies only to judgments which are final.”
 
 Id.
 
 at 833 (¶ 10) (citing
 
 In re T.L.C.,
 
 566 So.2d 691, 697 (Miss.1990)).
 

 ¶ 10. A denial of a motion for summary judgment is not a final judgment; therefore, the circuit court was not bound by the doctrine of res judicata to deny Associates’ motion. Rule 56 of the Mississippi Rules of Civil Procedure does not limit the number of motions for summary judgment that a party may file. Instead, it states that “[a] party against whom a claim ... is asserted ... may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.” M.R.C.P. 56(b). We find no error with the circuit court considering Associates’ motion for summary judgment. This issue is without merit.
 

 II. Evidence of Damages
 

 ¶ 11. Next, Smith takes issue with the circuit court’s consideration of evidence of damages by Associates at the summary-judgment stage of the proceedings. Smith argues that it was improper to grant summary judgment on the issue of damages and that it is for the jury to determine the amount of damages.
 

 ¶ 12. A claim of negligence requires the plaintiff to “prove by a prepon
 
 *1288
 
 derance of the evidence (1) duty, (2) breach of duty, (3) causation, and (4) injury.”
 
 Patterson v. Liberty Assocs., L.P.,
 
 910 So.2d 1014, 1019 (¶ 14) (Miss.2004). “In order to survive a motion for summary judgment in a negligence action[,] the plaintiff must put on evidence showing that the defendant breached a duty of care and that [the] breach proximately caused his injury.”
 
 Palmer v. Anderson Infirmary Benevolent Ass’n,
 
 656 So.2d 790, 797 (Miss.1995). Therefore, in order for Smith’s claim to survive a motion for summary judgment, he needed to “set forth specific facts sufficient to establish the existence of each element of negligence-duty, breach, causation, and damages.”
 
 Albert,
 
 978 So.2d at 1266 (¶ 6) (citing
 
 Simpson v. Boyd,
 
 880 So.2d 1047, 1050 (¶¶ 12-13) (Miss.2004)).
 

 ¶ 13. We find no error with the circuit court’s consideration of whether Smith put on competent evidence of damages that were “proximately caused or contributed to” by the alleged negligence of Associates. However, we do find error with the circuit court’s consideration of whether Smith put on competent evidence of damages that were “proximately caused or contributed to” by the alleged negligence of Campus Edge. To withstand summary judgment, Smith needed to show that there was a genuine issue of material fact as to whether Smith actually suffered any injury and whether that injury was proximately caused by Campus Edge or Associates. Our discussion as to whether Smith met that requirement will be included below, in the discussion of whether the circuit court properly granted summary judgment. The circuit court applied the correct standard in considering damages and proximate cause for Associates, but the court erred in its application of the standard for Campus Edge.
 

 III. Summary Judgment
 

 ¶ 14. Lastly, Smith argues that there existed genuine issues of material fact; therefore, the circuit court erred in granting summary judgment. In support of his argument, Smith points to his own testimony about the damages he sustained and also to the two affidavits that he attached to his response to the motion for summary judgment.
 

 ¶ 15. To survive summary judgment, the non-moving party is required to “produce specific facts showing that there is a genuine material issue for trial.”
 
 Luvene v. Waldrup,
 
 903 So.2d 745, 748 (¶ 10) (Miss.2005) (citation omitted). “The non-moving party’s claim must be supported by more than a mere scintilla of colorable evidence; it must be evidence upon which a fair-minded jury could return a favorable verdict.”
 
 Id.
 
 (citation omitted).
 

 ¶ 16. Generally, proximate cause is an issue for the jury to decide; however, “the non-moving party must present evidence that would allow a jury to find that the breach proximately caused the injury at issue.”
 
 Davis v. Christian Bhd. Homes of Jackson, Miss., Inc.,
 
 957 So.2d 390, 409-10 (¶ 48) (Miss.Ct.App.2007). In the present case, the circuit court held that Smith presented no evidence of an injury he sustained that was proximately caused by either Campus Edge’s or Associates’ breach of a duty owed to Smith. We find that this ruling is correct as it relates to Associates. However, because Campus Edge constructed the dam/berm that Smith alleges caused water to flood onto his adjacent property, we find that there is evidence that would allow a jury to find that Campus Edge breached the duty it owed to Smith.
 

 ¶ 17. Sellers, the director of public services and engineering for the City of Hat-tiesburg, testified at his deposition that, prior to the approval of Campus Edge’s
 
 *1289
 
 construction plans, Campus Edge was required to construct a gutter along the edge of its property. According to Sellers, the gutter was installed, and prevented water from running off Campus Edge’s property onto Smith’s property. Sellers concluded that Smith’s property drained better after the work than it had before, and he said that any water draining onto Smith’s property was a result of water coming off the natural slope of the land that already existed. Before Smith could have the duplexes on the property, he would have had to raise the fill dirt or adjust some grades of the land. Sellers stated that the drainage system rerouted water around Smith’s property, thereby saving him the expense of installing culverts across his property.
 

 ¶ 18. Smith presented two affidavits to support his position. One affidavit that Smith submitted was from Raymond Dear-man, who was described as a professional engineer. In his affidavit, Dearman stated the following:
 

 I viewed the site wherein [Smith’s] lot is continually being flooded by heavy rains coming off the berm between himself and the adjacent apartment complex formerly known as Campus Edge and how owned by [Associates], The work that was previously done did not correct the problem[,] and the embankment, which the apartment complex has placed on the property line between [Associates] and [Smith], only serves to worsen the flooding problem, which already existed.
 

 The other affidavit was from Charles Car-ley, a general contractor and Smith’s friend. Carley also offered his opinion on Smith’s flooding problem:
 

 I have viewed the property in question owned by [Smith] on several occasions, both before the subject drain was installed and after, and I am aware of the ponding effect that occurs in [Smith’s] property each and every time we get a significant rain. When the apartments were built, a dam was established between [Smith] and what was originally done by Tom Anderson of Terra Firma and [Campus Edge], now [Associates], As a general contractor, I can say with certainty that [Smith] cannot develop his property until a certain amount of grading, leveling[,] and at least another drain is placed on the subject property. The work that has been done is not sufficient.
 

 ¶ 19. The affidavits of Dearman and Carley differ significantly from the testimony of Sellers. “Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite.”
 
 Gorman-Rupp Co. v. Hall,
 
 908 So.2d 749, 753-54 (¶ 14) (Miss.2005). Therefore, Dearman’s and Carleas affidavits both raise a genuine question of fact as it relates to Campus Edge.
 

 ¶ 20. In the present case, we agree with the circuit court that Smith has not produced competent evidence to show that the injury of which he complains — the ponding or flooding of his property — was proximately caused by a breach of a duty owed to Smith by Associates. However, the circuit court did err in granting summary judgment in favor of Campus Edge.
 

 ¶ 21. Therefore, we reverse and remand this case for further proceedings consistent with this opinion on the issue of summary judgment granted in favor of Campus Edge. The circuit court’s judgment is otherwise affirmed.
 

 ¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE
 
 *1290
 
 APPELLANT AND THE APPELLEE CAMPUS EDGE OF HATTIESBURG, LLC.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ROBERTS AND MAXWELL, JJ„ CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT.
 

 [1]
 

 . Further references to the property or Smith's property will be to this undeveloped property on which Smith planned to build the duplexes.