**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2004-IA-00918-SCT**

*MONSANTO COMPANY*

*v.*

*BOBBY G. HALL, ET AL.*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/15/2004 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON, JR. |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JAMES LAWRENCE JONES |
| | BRADLEY S. CLANTON |
| | SCOTT W. PEDIGO |
| | ROBERT M. ARENTSON, JR. |
| | ROBERT H. BASS |
| ATTORNEYS FOR APPELLEES: | STACEY L. SIMS |
| | ANTHONY SAKALARIOS |
| NATURE OF THE CASE: | CIVIL - TORTS |
| DISPOSITION: | REVERSED AND RENDERED - 10/06/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., EASLEY AND CARLSON, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1. This asbestos product liability case is before us on Monsanto Company's appeal from an interlocutory order denying Monsanto's motion for summary judgment. A three-justice panel of this Court previously granted Monsanto's petition for an interlocutory appeal. See M.R.A.P. 5. Today's case arises from the same litigation which was the subject of our recent opinion in ***Gorman-Rupp Co. v. Hall***, 908 So. 2d 749 (Miss. 2005). Consistent with our

decision in *Gorman-Rupp*, we reverse the trial court's denial of summary judgment and render judgment here in favor of Monsanto.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT[1]

¶2.     Bobby G. Hall, Thurman Ferguson, Delano Reeves, Israel Stewart, Jr., Wilbert White, Aubrey Arnold, and James Hemphill worked in at least one common work site, International Paper in Natchez, Mississippi, and filed this suit against more than 270 defendants, including Monsanto, for injuries allegedly resulting from exposure to asbestos products, some of which were Monsanto's products present at IP in Natchez.[2]   Monsanto filed a motion for summary judgment, claiming that the plaintiffs did not offer sufficient probative evidence regarding the necessary elements to establish a prima facie case.   The trial judge denied summary judgment, and Monsanto now comes before us on interlocutory appeal as to whether the trial court's decision was proper.

¶3.     Monsanto argues that the plaintiffs failed to prove the three elements necessary in a products liability action to survive summary judgment; namely, sufficient evidence of product identification, exposure, and proximate cause.   *See* Miss. Code Ann. § 11-1-63 (Rev. 2002). Monsanto relies on   *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162-63 (4th Cir. 1986), arguing that, although Mississippi had not yet explicitly adopted the specific "frequency, regularity, and proximity" test from that Fourth Circuit case prior to the

---

[1]A more detailed account of the facts, claims of the plaintiffs, and procedural history may be found in *Gorman-Rupp Co. v. Hall,* 908 So. 2d 749, 751-53 (Miss. 2005).

[2]These plaintiffs are the same plaintiffs identified in *Gorman-Rupp*.  *Id.* at 751.

2

commencement of this litigation, this test embodies Mississippi law on products liability in asbestos cases and is proper in proving all three of the required elements; namely, product identification, exposure, and proximate cause. Because the plaintiffs' evidence did not consist of certain identification of Monsanto's products (but rather general descriptions of products like Monsanto's), Monsanto argues that the plaintiffs fail this test.

¶4.     The plaintiffs argue that because summary judgment deals with existence of genuine issues of material facts, Monsanto's argument that a new legal standard should be officially adopted in Mississippi is misguided. The plaintiffs further assert that Monsanto must show first that no genuine issue of material fact existed and that it is entitled to a judgment as a matter of law. Miss. R. Civ. P. 56(c).

**DISCUSSION**

¶5.     The standard of review in considering on appeal a trial court's grant or denial of summary judgment is de novo. *Hataway v. Nicholls*, 893 So.2d 1054, 1057 (Miss. 2005); *Miller v. Meeks*, 762 So.2d 302, 304 (Miss. 2000) (citing *Short v. Columbus Rubber & Gasket Co.*, 535 So.2d 61, 63 (Miss. 1988)). *See also McCullough v. Cook,* 679 So.2d 627, 630 (Miss. 1996). In considering this issue, we must examine all the evidentiary matters before us, including admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. *Id.* at 630. The movant carries the burden of demonstrating that no genuine issue of material fact exists, and the non-moving party is given the benefit of the doubt as to the existence of a material fact. *Id.* If no genuine issue of material fact exists and the moving

party is entitled to judgment as a matter of law, summary judgment should be entered in that party's favor. *Id.*

¶6.    Monsanto argues that the plaintiffs failed to submit sufficient probative evidence to create a genuine issue of material fact to establish the requisite product identification and exposure requirements and the requisite proximate cause in an asbestos products liability action to thereby warrant the denial of summary judgment.[3]    In determining this issue, Monsanto asks this Court to adopt the ***Lohrmann*** standard, arguing that the plaintiffs must show the frequency, regularity, and proximity of Monsanto's actual product and its exposure to the plaintiffs.  782 F.2d at 1162-63.

¶7.    We dealt with this precise issue in another interlocutory appeal which arose directly from this exact litigation in ***Gorman-Rupp***, which was handed down on Aug. 11, 2005.  Both Gorman-Rupp and Monsanto are among the 274 corporate defendants whom the plaintiffs sued.   Like Monsanto, Gorman-Rupp filed a motion for summary judgment, which the trial judge denied.   Gorman-Rupp alleged improper use of unauthenticated documents by Hall and sought adoption by this Court, in the context of summary judgment for asbestos cases, of the "frequency, regularity, proximity" standard in ***Lohrmann***.  ***Gorman-Rupp,*** 908 So. 2d at 751. Gorman-Rupp also contended that the plaintiffs did not establish that any Gorman product used at IP in Natchez actually contained any asbestos.  *Id.*

---

[3]The only difference in the issues in ***Gorman-Rupp*** and today's case is that in ***Gorman-Rupp***, there was the added issue of unauthenticated documents, whereas in today's case, there is the added issue of product identification.

¶8.     Monsanto urges this Court to follow the trend of adopting the *Lohrmann* test, which was not expressly adopted by this Court until *Gorman-Rupp*.[4]     The Third, Fourth, Fifth, and Eighth Circuits, as well as state courts in Arkansas, Maryland, and New Jersey, have all adopted *Lohrmann*.     We joined these jurisdictions in *Gorman-Rupp*, expressly adopting the *Lohrmann* test.  *Id.* at 754-57   Monsanto correctly points out that Mississippi law in asbestos cases embodies that test. Indeed, before this Court had adopted the *Lohrmann* test in *Gorman-Rupp*, we had noted it as "persuasive." *Prescott v. Leaf River Forest Prods., Inc.*, 740 So. 2d 301, 311 (Miss. 1999).   The plaintiffs argue that this Court should not adopt this test, at least not in this case, because that test lays out a standard for substantial causation not at issue here.   However, because of our recent decision in *Gorman-Rupp*, the plaintiffs' position is without merit.     Thus we again hold that in asbestos litigation cases, the frequency, regularity, and proximity test is the proper standard in determining exposure and proximate cause.   So that there can be no question, we today add product identification to that standard as well.

¶9.     Because the plaintiffs have failed to prove product identification, exposure, and proximate cause of Monsanto's products with any regularity, frequency, or proximity to the plaintiffs, consistent with our holding in *Gorman-Rupp*, the plaintiffs' case fails.

## CONCLUSION

---

[4]Of course, Monsanto filed its petition for interlocutory appeal and subsequent briefs prior to our recent decision in *Gorman-Rupp*.

¶10.    In asbestos litigation in Mississippi, the proper test to be used is the frequency, regularity, and proximity standard to show product identification of the defendants' actual products, exposure of the plaintiffs to those products, and proximate causation as to the injuries suffered by the plaintiffs.   Without question, today's plaintiffs have fallen well short of meeting the *Lohrmann* test as adopted by this Court in *Gorman-Rupp*.   For these reasons, we reverse the Adams County Circuit Court's denial of summary judgment and render judgment here in favor of Monsanto finally dismissing the plaintiffs' complaint and this action with prejudice.

¶11.    **REVERSED AND RENDERED**.

        **SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY AND DICKINSON, JJ., CONCUR.  GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.  DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING**