IRVING, J.,
for the Court.
¶ 1. After falling and suffering injuries at the Grand Casino in Gulfport on May 17, 2001, Lois Richardson sued Grand Casinos of Mississippi — Gulfport, LLC (the Grand), alleging that her injuries resulted from negligence on the part of the Grand. After engaging in discovery, the Grand filed a motion for summary judgment, which the Harrison County Circuit Court granted after a hearing on the matter. Aggrieved, Richardson appeals and contends that the court erred in granting summary judgment because material issues of fact exist regarding whether the steps Richardson fell down were dangerous, and whether the Grand adequately warned of the danger of the steps.[1]
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Richardson went to the Grand Casino in Gulfport on May 17, 2001. She had just entered the casino and was approaching the cashiers’ cage when she fell down a small set of stairs.[2] There is multi-colored carpet on the floor at the bottom of the stairs, and the floor immediately preceding the steps at the top of the flight is a gray stone. The stairs themselves are a shade of gray that is different from the flooring preceding the steps. At the time of the accident, it is undisputed that there were both handrails and a warning sign that warned visitors to watch their step when descending the steps.
¶ 4. Additional facts, as necessary, will be related during our discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

Standard of Review

¶ 5. We review the grant of a motion for summary judgment de novo. Zurich Am. *1148 Ins. Co. v. Goodwin, 920 So.2d 427, 432(¶ 7) (Miss.2006) (citing Monsanto Co. v. Hall, 912 So.2d 134, 136(¶5) (Miss. 2005)). Summary judgment is proper when no genuine issue of material fact exists, and the party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists. Id. “Mere allegations of facts are not sufficient to create a genuine issue of material fact sufficient to defeat a motion for summary judgment.” Gorman-Rupp Co. v. Hall, 908 So.2d 749, 757(¶ 25) (Miss.2005) (citing Corey v. Skelton, 834 So.2d 681, 684(¶ 7) (Miss.2003)).

1. Dangerous Condition

¶ 6. Richardson alleges that the stairs she fell down constitute a dangerous condition because the stairs “blended in with the flat surface of the flooring.” The Grand owes Richardson the duty “to keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view.” Mayfield v. The Hairbender, 903 So.2d 733, 737-38(¶ 20) (Miss.2005) (citations omitted). There is no duty to warn of open and obvious dangers. Id. at 738(¶ 21).
¶ 7. After reviewing the record, we disagree with Richardson’s assertion that the steps were dangerous. The photographs included in the record show that the top step is clearly a different color from the preceding flooring, and the carpet at the bottom of the two steps is easily distinguishable from the steps. Furthermore, there are bright silver freestanding handrails at regular intervals across the steps. Finally, a sign before the steps warns visitors to “watch your step.” Despite Richardson’s assertion in her brief that this was a “single small sign ... not visible from all perspectives,” the photographs clearly show that the sign is of moderate size and would have almost certainly been visible to Richardson as she descended the steps. Helen Harrison, Richardson’s sister, who was with her at the time of the fall, testified in her deposition that the steps “were different” from the flooring in front of them as they “came in the door.” Richardson produced no witnesses, expert or otherwise, to support her contention that the steps are dangerous.
¶ 8. While genuine issues of material fact should survive summary judgment to go to a jury, Richardson must show “specific facts” that show that there is a genuine issue of material fact: “The non-moving party’s claim must be supported by more than a mere scintilla of colorable evidence; it must be evidence upon which a fair-minded jury could return a favorable verdict.” Luvene v. Waldrup, 903 So.2d 745, 748(¶ 10) (Miss.2005) (citations omitted). In the present case, Richardson lacks more than a mere scintilla of evidence in support of her contention. Therefore, summary judgment was properly granted on the ground that Richardson has failed to show that the steps constituted a dangerous condition.
 ¶ 9. As support, Richardson cites Hill v. Int’l Paper Co., 121 F.3d 168 (5th Cir.1997) and its holding that “whether premises ... [are] reasonably safe depend[s] on whether the owner could reasonably anticipate that an injury would occur on his property.” Hill, 121 F.3d at 171 (citations omitted). Therefore, Richardson argues that the Grand’s actions in installing handrails and a sign are proof that the stairs were not reasonably safe, since the installation indicates that the Grand “was aware of the danger that was present on its premises.” We disagree. As pointed out by the Grand in its brief: “The addition of the warning sign, along with the other safeguards, resulted in a safe condition being made safer still.” *1149 Nothing prevents a business from placing signs to make customers aware of reasonably safe conditions as well as dangerous conditions. Therefore, the presence of the warning sign and the handrails did not make the stairs unreasonably safe.

2. Duty to Warn

¶ 10. Our finding that Richardson has failed to present sufficient evidence to show that the steps constituted a dangerous condition necessitates a conclusion that the Grand had no duty to warn Richardson of the steps. A duty to warn arises only when there is a dangerous condition. Since Richardson has failed to show any evidence that the steps were not reasonably safe, she has also failed to show that the Grand had a duty to warn her of the steps.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.

. Richardson frames her issues as a single issue: "Whether the lower court erred in granting summary judgment on the issues of condition, warning and duty to warn.” For clarity's sake, we address this issue as the two separate issues of condition and duty to warn.

. There were only two steps.