982 So.2d 1000 (2008)
Robert Lee JACKSON, Appellant
v.
MURPHY FARM AND RANCH, INC., DPM, Inc. and TMM, Inc., Appellees.
No. 2007-CA-00457-COA.
Court of Appeals of Mississippi.
May 20, 2008.
Richard E. Wilbourn III, Meridian, attorney for appellant.
Gerald L. Kucia, Jackson, attorney for appellees.
Before MYERS, P.J., CHANDLER and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. Robert Lee Jackson appeals the order of the Circuit Court of Madison County granting the motion for summary judgment filed by Murphy Farm and Ranch, Inc., DPM, Inc., and TMM, Inc. (collectively Murphy Farm and Ranch). Jackson, a farm laborer, brought suit against his employer, Murphy Farm and Ranch, to recover for injuries he sustained while attempting to operate a tractor. Following the close of discovery, Murphy Farm and Ranch moved for summary judgment, which the circuit court granted. The circuit court found that Jackson's injuries were not a result of the employer's negligence, and the proximate cause of the accident was Jackson's own negligence, thereby precluding recovery based in negligence. Finding no error in the judgment of the circuit court, we affirm.

FACTS
¶ 2. Jackson was employed as a farmhand with Murphy Farm and Ranch when he was injured while attempting to start a tractor. The facts remain undisputed regarding the circumstances surrounding Jackson's injuries which were incurred during his attempt to start a tractor while under the employ of Murphy Farm and Ranch. At the direction of his employer, Jackson attempted to start a tractor; however, he discovered that the battery was dead. Jackson connected a battery charger, and while standing on the ground, he started the tractor and released the clutch. However, Jackson had left the tractor in gear, and the tractor jumped forward, rolling over Jackson's leg. Jackson suffered a broken leg, severe ligament damage, and a subsequent staph infection.
¶ 3. Jackson filed suit in the Circuit Court of Madison County against his employer alleging negligence. At the close of discovery, the employer moved for summary *1002 judgment.[1] A hearing was held and the circuit court granted Murphy Farm and Ranch's motion for summary judgment. This appeal timely followed in which Jackson seeks a determination of whether the circuit court erred in granting Murphy Farm and Ranch's motion for summary judgment.

STANDARD OF REVIEW
¶ 4. We are to review a trial court's disposition of a motion for summary judgment de novo. Green v. Allendale Planting Co., 954 So.2d 1032, 1037 (¶ 8) (Miss. 2007). Our review entails examination of "all the evidentiary matters before us, including admissions in pleadings, answers to interrogatories, depositions, and affidavits." Id. The moving party has the burden of demonstrating that no genuine issue of material facts exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact. Id. "If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party's favor." Monsanto Co. v. Hall, 912 So.2d 134, 136(¶ 5) (Miss.2005). "The non-moving party may not rest upon allegations or denials in the pleadings but must set forth specific facts showing that there are genuine issues for trial." Massey v. Tingle, 867 So.2d 235, 238(¶ 6) (Miss. 2004).

ANALYSIS
¶ 5. Jackson argues that the granting of summary judgment was improper because a genuine issue of material fact remained regarding whether Murphy Farm and Ranch breached its duty to provide a safe workplace and safe equipment. Specifically, Jackson argues that the circuit court failed to consider the foreseeability of his injury due to a lack of formal training and the expert testimony addressing safe operation and maintenance of a tractor.
¶ 6. Jackson brought suit against his employer, arguing Murphy Farm and Ranch's negligence is evidenced by its (1) failure to provide a safe, sufficient and suitable workplace, (2) failure to furnish safe and suitable equipment with which to work, and (3) failure to provide adequate training or instruction with respect to machine operation. In order for Jackson to prove that Murphy Farm and Ranch was negligent, he would have had to sufficiently prove "by a preponderance of the evidence each of the elements of negligence: duty, breach, causation and injury." Paz v. Brush Engineered Materials, Inc., 949 So.2d 1, 3(¶ 5) (Miss.2007).
¶ 7. An employer's duty to provide a safe work environment and equipment has long been established:
A master has the duty to use reasonable care to furnish his servant with a reasonably safe place in which to work, and with suitable and reasonably safe instrumentalities to do his work. The master is not an insurer of the safety of the instrumentalities or places to work, furnished his servant, but he is liable for negligence for the failure to exercise due, ordinary, reasonable care in those respects. 56 C.J.S., Master and Servant, Secs. 201-202, 205. The master is *1003 not required to furnish the newest, safest and best machinery, appliances, and places for work. His obligation is met when he furnishes such as are reasonably safe and suitable for the purposes had in view. Ibid., Sec. 207.
Cherry v. Hawkins, 243 Miss. 392, 398, 137 So.2d 815, 816-17 (1962).
¶ 8. In granting summary judgment, the circuit court considered the pleadings and Jackson's deposition testimony and found that Murphy Farm and Ranch could not be held liable for negligently causing Jackson's injuries. Jackson admitted in his deposition that he had operated tractors for approximately thirty-eight years before the accident, and he had operated the tractor involved in his injury since 1979. Jackson's own explanation of the accident acknowledged that he attempted to start the tractor from standing on the ground, while standing in front of the tractor's tire. Further, Jackson admitted that he attempted to start the tractor while it was in gear, rather than in neutral, which caused the tractor to jump and roll over him. While Jackson sought to establish a genuine issue of material fact regarding tractor operation standards through expert testimony, Jackson's admittance that he attempted to start the tractor in a manner not contemplated in the regular operation of such equipment precluded this argument.
¶ 9. The circuit court judge found that Jackson's action of starting the tractor while it was placed in gear was the sole proximate cause of his injuries. Accordingly, the circuit court judge held that apportionment of liability was improper as the employer should not be held liable for injuries sustained as a result of such action. Jackson admittedly was in immediate control of the tractor before the accident occurred. While evidence existed showing that the tractor had a dead battery, such a defect cannot be classified to be a "dangerous condition" that would constitute a breach of Murphy Farm and Ranch's duty to Jackson. Murphy Farm and Ranch had a duty to provide a "reasonably safe place in which to work, and with suitable and reasonably safe instrumentalities to do his work." Cherry, 243 Miss. at 398, 137 So.2d at 816. Jackson, in order to withstand a motion for summary judgment, would have had to prove Murphy Farm and Ranch breached that duty. However, Jackson made no such showing. Therefore, we must uphold the judgment of the circuit court granting summary judgment in favor of Murphy Farm and Ranch.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS and CARLTON, JJ., concur.
NOTES
[1] Neither party disputes that Jackson's injuries, which resulted from his employment with Murphy Farm and Ranch, are exempted from coverage under the Workers' Compensation Act, as farmers and farm laborers not engaged in commercial operation do not fall within the purview of the Act. Miss.Code Ann. § 71-3-5 (Supp.2006). Thus, Jackson's remedy is a common-law action for negligence, rather than a workers' compensation proceeding, and ordinary standards of negligence and common-law defenses apply.