RUSSELL, J.,
for the Court:
¶ 1. Gail Nolls Turner appeals the judgment of the Clay County Circuit Court granting summary judgment in favor of Trustmark National Bank d/b/a The Credit Card Center (Trustmark). Turner raises one issue on appeal, which we restate for clarity: whether the circuit court erred in finding there was no genuine issue of material fact in this case. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On September 27, 2010, Trustmark filed an action against Turner alleging that Turner opened a credit-card account with Trustmark and that Turner owed $3,796.91 to Trustmark. Turner denied this allegation, and Trustmark subsequently filed a motion for summary judgment alleging that there were no genuine issues of material fact and that it was entitled to a judgment as a matter of law. On July 14, 2011, Turner filed a response to Trust-mark’s motion for summary judgment, arguing that the circuit court should deny the motion for summary judgment because there were genuine issues of material fact as to whether Turner owed Trustmark the debt and whether Trustmark failed to comply with the requirements of the Fair Debt Collection Practices Act (FDCPA). On July 20, 2011, the circuit court held a hearing on the motion, and on August 25, 2011, the circuit court entered an order granting Trustmark’s motion for summary judgment. The circuit court further awarded Trustmark a $3,796.91 judgment, as well as $1,265.51 in attorney’s fees, and $648.90 in pre-judgment interest, for a total of $5,711.32, plus interest of 21% per annum and court costs. On September 20, 2011, Turner filed notice of this appeal.
DISCUSSION
¶ 3. “The standard of review in considering ... a [circuit court’s] grant or denial of summary judgment is de novo.” Monsanto Co. v. Hall, 912 So.2d 134, 136 (115) (Miss.2005) (citing Hataway v. Nicholls, 893 So.2d 1054, 1057 (¶ 9) (Miss.2005)). In considering whether the circuit court erred in granting summary judgment, “we must examine all the evidentiary matters before us, including admissions in pleadings, answers to interrogatories, depositions, and affidavits” in the light most favorable to the nonmovant. Price v. Purdue Pharma Co., 920 So.2d 479, 483 (¶ 10) (Miss.2006). “The movant carries the burden of demonstrating that no genuine issue of material fact exists, and the [nonmovant] is given the benefit of the doubt as to the existence of [an issue of] material fact[.]” Id. (citing Monsanto Co., 912 So.2d at 136 . (¶ 5)). Mississippi Rule of Civil Procedure 56(e) states what is required of an adverse party:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits^] or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
¶ 4. Turner argues that the circuit court erred when it granted Trustmark’s motion for summary judgment because there is a genuine issue of material fact as to whether Turner owed Trustmark the debt. Specifically, Turner argues that Trustmark failed to provide evidence to support its allegation that there was no genuine issue of material fact. We disagree.
¶ 5. Trustmark provided a sworn affidavit from Ginny Perrett, who was em *1125 ployed as a recovery officer for Trustmark. The affidavit stated that Perrett was familiar with Turner’s account, and Perrett swore to the existence of the debt and the amount owed. The affidavit further stated that Turner was sent statements each month, and that there was no record of a dispute as to any of the statements. Through Perrett’s affidavit and Turner’s bank statements, we find that Trustmark met its burden of persuasion and production to shift the burden to Turner to produce evidence that there is a genuine issue of material fact.
¶ 6. Turner argues that by denying that she owed Trustmark the debt in her answer, an issue of material fact was established. Our supreme court has held that “[i]ssues of fact sufficient to require a denial of a motion for summary judgment are obviously present where one party swears to one version of the matter in issue and another party takes the opposite position.” Price, 920 So.2d at 488 (¶ 10) (citing Am, Legion Ladnier Post No. 42 v. Ocean Springs, 562 So.2d 103, 106 (Miss.1990)). However, Turner rests upon the mere denials of her pleadings and does “not set forth specific facts showing that there is a genuine issue of for trial.” Id. at 483-84 (¶ 10) (citing Stuckey v. Provident Bank, 912 So.2d 859, 864 (¶ 8) (Miss. 2005)). Furthermore, although Turner did file an affidavit, she never swore that she did not owe the debt, nor did she dispute the amount of debt. For these reasons, the circuit court did not err in finding that there is no genuine issue of material fact as to whether Turner owed Trustmark the debt.
¶ 7. Additionally, Turner argues that Trustmark failed to comply with the FDCPA, which required Trustmark[1] to give Turner notice of the debt and an opportunity to dispute the debt pursuant to 15 United States Code Annotated section 1692g(a) (2006).[2] Turner argues that although notice was provided, it did not comply with the FDCPA because it was attached to the complaint. According to 15 United States Code Annotated section 1692g(d) (2006), “[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communi-eation[.]”
¶ 8. However, notice was attached to the complaint and the summons. Although a summons is usually served with a complaint, a summons is not defined as a pleading under Mississippi Rule of Civil Procedure 7(a).[3] Furthermore, other courts have held that notice attached to a summons and complaint may constitute an *1126 initial communication. See Sprouse v. City Credits Co., 126 F.Supp.2d 1088, 1089 n. 8 (S.D.Ohio 2000) (finding that a summons and complaint served in a state court action constitute “initial communications” under the FDCPA); see also Senftle v. Landau, 390 F.Supp.2d 463, 472 (D.Md.2005) (finding that a summons and complaint may constitute an “initial communication”). For these reasons, this issue is without merit.
CONCLUSION
¶ 9. Because we find there are no genuine issues of material fact, the judgment of the circuit court is affirmed.
¶10. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.

. Trustmark's counsel is a debt collector as defined in 15 United States Code Annotated section 1692a(6), which states in pertinent part:
The term "debt collector” means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

. Section 1692g(a) provides in pertinent part: "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice[.]” (Emphasis added).

.Rule 7(a) provides:
There shall be a complaint and an answer, a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person, who is not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except the court may order a reply to an answer or a third-party answer.