KITCHENS, Justice,
dissenting.
¶ 18. I fully join Justice King’s dissent. He correctly identifies the issue on appeal: whether the plaintiffs presented sufficient evidence of causation. Despite criticism that the King opinion “does not apply any legal standard to the evidence,” the dissent clearly addresses the statute’s requirement that “[t]he defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.” Miss.Code Ann. § 11-1-63 (Rev.2002). Moreover, there is no dispute regarding the well-established legal standards governing a motion for judgment notwithstanding the verdict. As Justice Coleman’s opinion explains, the motion tests the sufficiency of the evidence, which is to say, whether the movant is entitled to a verdict as a matter of law, see, e.g., 3M Co. v. Johnson, 895 So.2d 151, 160-61 (Miss.2005) (citing Tharp v. Bunge Corp., 641 So.2d 20, 23 (Miss.1994)), and any judicial determination that “the necessity of a trier of fact has been obviated,” necessarily requires the court to examine the evidence presented. Hyundai Motor America v. Applewhite, 53 So.3d 749, 752-53 (Miss.2011) (citing U.S. Fid. & Guar. Co. v. Martin, 998 So.2d 956, 964 (Miss.2008)). Applying these standards, the dissent provides a thorough recitation of the evidence presented at trial, and correctly determines that the issue of proximate cause, under Mississippi Code Section 11-1-63, was a question for the jury.
¶ 19. Furthermore, I respectfully disagree with the curious conclusion that a trial court may not consider the “frequency, regularity, and proximity” test once a verdict has been entered. This test is a legal standard relevant to the element of causation.[4] I find no authority or sound basis for an argument that the legal standards applicable to an essential element of the plaintiffs claim would change depending on the stage of the proceedings. Indeed, this Court applies the same de novo standard of review to a denial of summary judgment, directed verdict, and motion for a judgment notwithstanding the verdict, for each motion contends that the movant is entitled to a judgment as a matter of law. Denbury Onshore, LLC v. Precision Welding, Inc., 98 So.3d 449, 452 (Miss.2012) (citing Alpha Gulf Coast, Inc. v. Jackson, 801 So.2d 709, 720 (Miss.2001)). For purposes of this discussion, the only difference is that these motions are made at different stages of the proceedings. See Grisham v. John Q. Long V.F.W. Post, No. 4057, Inc., 519 So.2d 413, 415 (Miss.1988) (“The motion for summary judgment is the functional equivalent of the motion for directed verdict made at the close of all the evidence, the difference being that the motion for summary judgment occurs at an earlier stage.”) (citing Smith v. Sanders, 485 So.2d 1051, 1054 (Miss.1986); Brown v. Credit Center, Inc., 444 So.2d 358 (Miss.1983)); C & C Trucking Co. v. Smith, 612 So.2d 1092, 1098 (Miss.1992) (“It is only when a directed verdict at the close of the plaintiffs case[,] and again at the close of the defendant’s case, would have been *73 proper that a judgment notwithstanding the verdict is proper.”).
¶ 20. As our opinion in C & C Trucking, 612 So.2d at 1098, clearly articulated, a trial judge faced with a motion for judgment notwithstanding the verdict applies the same legal standards as if he or she were considering a motion for a directed verdict. Yet, Justice Coleman’s opinion concludes that the “frequency, regularity, and proximity” test cannot be considered once a verdict has been entered, citing two opinions from this Court, an opinion from the Arkansas Supreme Court, two opinions from the United States Court of Appeals for the Fourth Circuit, and two orders from federal district courts.[5] But none of these cases held that this legal standard is applied only in the context of a motion for summary judgment or motion for a directed verdict. Instead, the courts’ application of the standard to motions for summary judgment was merely a consequence of the procedural posture of a particular case.
¶ 21. Justice Coleman’s opinion would prohibit trial judges’ reconsideration of prior rulings and would unfairly prejudice defendants. In the present case, the trial court withheld ruling on the defendants’ motion for summary judgment, and then denied their motion for a directed verdict. Thus, as a consequence, the plaintiffs may be relieved from their burden of demonstrating “frequency, regularity, and proximity,” even though the defendants had placed the issue before the trial judge.
¶ 22. Finally, the opinion mischaraeter-izes this Court’s discussion of the “frequency, regularity, and proximity” test in Phillips 66 Co. v. Lofton, 94 So.3d 1051 (Miss.2012), as dicta. In that case, the judgment in favor of the plaintiff was reversed, and the case was remanded for a new trial based on evidentiary errors; yet, those errors did not dispose of the appellant’s argument that the plaintiff had failed to prove causation. In general, reversible evidentiary errors will not preclude a second trial. In contrast, the plaintiffs failure to meet his or her burden of proof entitles the defendant to a judgment as a matter of law, and the plaintiff does not get a second chance to prove his or her case. Had the defendant prevailed on its claim that the proof failed to meet the “frequency, regularity, and proximity” standard, the Court would have reversed and rendered judgment for the defendant. See Applewhite, 53 So.3d at 753 (noting that a new trial is appropriate when there are errors “within the trial mechanism itself,” whereas a verdict unsupported by the evidence warrants a judgment for the opposing party). Therefore, because this issue would have changed the disposition, the issue was essential to this Court’s decision, and the decision in Phillips 66 is binding authority.
CHANDLER AND KING, JJ., JOIN THIS OPINION. LAMAR, J., JOINS THIS OPINION IN PART.

. "In asbestos litigation in Mississippi, the proper test to be used is the frequency, regularity, and proximity standard to show product identification of the defendants' actual products, exposure of the plaintiffs to those products, and proximate causation as to the injuries suffered by the plaintiffs.” Monsanto Co. v. Hall, 912 So.2d 134, 137-38 (Miss.2005).

. Monsanto, 912 So.2d at 137; Gorman-Rupp Co. v. Hall, 908 So.2d 749 (Miss.2005); Chavers v. Gen. Motors Corp., 349 Ark. 550, 79 S.W.3d 361, 369 (2002) Lovelace v. Sherwin-Williams, 681 F.2d 230 (4th Cir.1982); Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156 (4th Cir.1986); Dufour v. Agco Corp., 2009 WL 700769 (S.D.Miss. Mar. 13, 2009); Dalton v. 3M Co., 2011 WL 5881010, *1 (E.D.Pa. Aug. 2, 2011).