# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00185-COA

**ARD, LLC**                                                                        **APPELLANT**

**v.**

**TRULITE GLASS & ALUMINUM SOLUTIONS, LLC**                          **APPELLEE**

DATE OF JUDGMENT:               01/16/2015
TRIAL JUDGE:                    HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:      RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         PAUL E. ROGERS
ATTORNEY FOR APPELLEE:          ROBERT B. IRELAND III
NATURE OF THE CASE:             CIVIL - CONTRACT
TRIAL COURT DISPOSITION:        AFFIRMED GRANT OF SUMMARY JUDGMENT TO THE APPELLEE
DISPOSITION:                    AFFIRMED - 06/21/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., BARNES AND GREENLEE, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     This is an appeal from a circuit court's affirmance of a county court's grant of summary judgment stemming from a lease-contract dispute. The lessee filed for bankruptcy, and the lessor is now seeking damages from a subsequent purchaser of a portion of the lessee's assets in the bankruptcy proceedings. ARD LLC (ARD) entered into a lease agreement with an entity that subsequently declared bankruptcy. Trulite Aluminum & Glass Solutions LLC (Trulite) acquired certain assets of the bankrupt entity in bankruptcy proceedings. ARD sued Trulite for damages under the lease agreement between ARD and the bankrupt entity. Trulite did not assume or purchase the subject lease from the bankruptcy

estate. Trulite moved for summary judgment, and the County Court of Rankin County granted Trulite's motion. ARD appealed to the Rankin County Circuit Court. The circuit court affirmed the county court's grant of summary judgment. ARD now appeals the circuit court's decision to this Court. ARD argues that Trulite occupied the leased property, making it liable under the original lease agreement between ARD and the bankrupt entity. Therefore, ARD argues Trulite owes ARD unpaid rent and taxes, and is responsible for damages claimed under the lease agreement. Because ARD has not shown that Trulite was a party to the lease, we affirm the grant of summary judgment to Trulite.

## FACTS AND PROCEEDINGS BELOW

¶2.     On December 1, 2001, ARD entered into a commercial lease agreement with VVP America Inc. d/b/a Binswanger Glass (Binswanger) for the lease of commercial property located in Richland, Mississippi.[1]  The term of the lease agreement was ten years, from December 1, 2001, through November 30, 2011.

### I.     Bankruptcy Proceedings

¶3.     On April 6, 2011, Binswanger filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court of the Northern District of Texas, Dallas Division.[2]

¶4.     On June 27, 2011, Binswanger filed its Debtors' First Omnibus Motion pursuant to 11 U.S.C. § 365 (2012) and Federal Rule of Bankruptcy Procedure 6006 to reject certain executory contracts and unexpired leases of nonresidential real property. The commercial

---

[1] Binswanger is the d/b/a name for VVP America Inc. Binswanger was a division of a multi-national corporation, Vitro Asset Corporation.

[2] The larger company, Vitro Asset Corporation, filed for bankruptcy in April 2011, as did all of its divisions, including Binswanger, and the cases were jointly administered.

lease agreement between Binswanger and ARD was listed as rejected in the motion filed. The bankruptcy court entered an order granting, among other things, the rejection of the lease between Binswanger and ARD on June 27, 2011. The rejection was made effective June 17, 2011. *In re Vitro Asset Corp.*, No. 11-32600-hdh-11, "Order . . . to Reject Certain Executory Contracts and Unexpired Leases of Non-Residential Real Property Nunc Pro Tunc" (Bankr. N.D. Tex. July 25, 2011). Trulite subsequently acquired substantially all of Binswanger's assets out of bankruptcy, but not the ARD lease.[3]

¶5.     On May 29, 2012, ARD filed a proof of claim in bankruptcy for damages under the lease, including rent for November 2011, taxes, clean up and repairs, and attorneys' fees. The total amount of the claim was $106,470.

## II.     County Court Proceedings

¶6.     On March 12, 2012, seventy-eight days prior to filing its proof of claim for damages, ARD filed suit based upon the lease in the county court against various entities to recover rent for November 2011, taxes, clean up and repair costs, and attorneys' fees. ARD filed an amended complaint on March 19, 2012, naming Trulite as a defendant. ARD asserted that Trulite was a successor tenant of Binswanger, that it occupied the property subject to the lease, and, after the bankruptcy filing, that it did not vacate the property until after November 1, 2011. ARD further asserted that, upon occupying the property, Trulite, as a successor tenant, became subject to the terms of the lease agreement. Trulite filed a motion for summary judgment.

---

[3] Binswanger's assets were actually acquired by Trulite's predecessor in interest, American Glass Enterprises LLC.

3

¶7.     The county court granted summary judgment in favor of Trulite on July 19, 2013. The county court found that there was an election of remedies by ARD when it chose to pursue its claims in bankruptcy court. It further found that ARD's claims before the county court were barred because of the doctrine of judicial estoppel for its attempting to get exactly the same damages and make the exact same claim in a separate forum in another court. The Court further found that an affidavit submitted by ARD was not sufficient to prove that Trulite was a tenant, that the affidavit was conclusory, and that the affidavit lacked causation to prove Trulite caused the damage to the property. The court further found that Binswanger was the tenant through December 2011. ARD appealed the county court's grant of summary judgment to the circuit court.

### III.     Circuit Court Proceedings

¶8.     The circuit court affirmed the county court's grant of summary judgment. Specifically, the court found that the affidavit submitted by ARD was insufficient to establish that Trulite assumed the position of Binswanger under the commercial lease agreement, that it was insufficient to show Trulite ever occupied the premises, that it was conclusory, that it did not meet the minimum requirements of the law, and that it was self-contradictory. The court further found that ARD failed to provide sufficient summary-judgment proof that Trulite ever occupied the premises or that Trulite was obligated to ARD for rent. It also found that there was no summary-judgment proof to show exactly what damages were done to the premises, when the damages were done, or who caused the damages. Finally, the court found that summary judgment was appropriate on the grounds of election of remedies and judicial

4

estoppel.

<h2 style="text-align:center">DISCUSSION</h2>

¶9.     The Court applies a de novo standard of review for grants of summary judgment. *Thrash v. Deutsch, Kerrigan, & Stiles LLP*, 183 So. 3d 838, 841-42 (¶10) (Miss. 2016). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R.C.P. 56(c). "The moving party bears the burden to show that no genuine issue of material fact exists, and the evidence must be viewed in the light most favorable to the non-movant." *Thrash*, 183 So. 3d at 842 (¶10) (citing *Monsanto Co. v. Hall*, 912 So. 2d 134, 136 (¶5) (Miss. 2005)).

¶10.    On appeal, ARD asserts that Trulite took possession of ARD's building and property, that Trulite failed to pay rent, and that Trulite caused the damages suffered by ARD.

### I.     Occupancy

¶11.    ARD asserts that, after Binswanger's bankruptcy, Trulite took possession and occupied ARD's building and property. To support its claim, ARD submitted a lone affidavit of Virginia Davis, an ARD employee and bookkeeper. Davis's affidavit states that "at no time was there any apparent change of tenant in the building . . . ," that "the same people continued to operate the business and [ARD] communicated with the same personnel regarding payment of rent . . . ," and, again, that "the actual tenant in the building never changed." These statements do not implicate Trulite as occupying ARD's building in any way. If anything, they suggest that Binswanger was still using and occupying the building after declaring bankruptcy.

5

¶12.    The only mention of Trulite in Davis's affidavit is that ARD "now know[s] that it was Trulite was [sic] the occupant of ARD's building . . . ," that "Trulite occupied the building until December 2011 . . . ," and another general statement that Trulite occupied the building. Davis does not offer any other evidence to support her assertions or ARD's.

¶13.    The Mississippi Supreme Court has stated that "a conclusory, self-serving affidavit, unsupported by material facts relevant to the proposition at issue, is insufficient" as a basis to grant or deny summary judgment. *Dalton v. Cellular S. Inc.*, 20 So. 3d 1227, 1233-34 (¶¶14-15) (Miss. 2009). Further, affidavits that are almost wholly conclusory, containing "magical" language without real facts to back them up, are less than sufficient. *Id*. at 1234 (¶16) (citing *Hubbard v. Wansley*, 954 So. 2d 951, 965-66 (Miss. 2007)). Davis's affidavit does not establish how Davis knew Trulite was supposedly in the building. The affidavit simply says it was Trulite and nothing more. The county and circuit courts found Davis's affidavit to be both "conclusory" and "self-contradictory." We agree with the lower courts and, therefore, find that ARD's claim is without merit.

## II.    Rent

¶14.    ARD asserts Trulite failed to pay rent for the final month ARD alleges Trulite was present. ARD acknowledges that the only contract lease agreement was between ARD and Binswanger, and that there was no contract lease agreement between ARD and Trulite. Further, ARD acknowledges that the contract lease agreement between ARD and Binswanger was rejected in bankruptcy.

¶15.    "Whenever a wrong or injury results from the breach of a contract merely, an action

6

or redress, whether in form *ex contractu* or *ex delicto*, can be maintained only by a party to the contract." *Delta Constr. Co. of Jackson v. City of Jackson*, 198 So. 2d 592, 597 (Miss. 1967) (quoting *Davidson v. Nichols*, 11 Allen 514, 517 (Mass. 1866)). "In order to maintain an action to enforce a breach of contract or to recover damages growing out of a breach, a relationship of privity of contract must exist between the party damaged and the party sought to be held liable for the breach." *Saucier v. Coldwell Banker J.M.E. Realty*, 644 F. Supp. 2d 769, 780 (S.D. Miss. 2007) (quoting *Allgood v. Bradford*, 473 So. 2d 402, 415 (Miss. 1985)).

¶16. ARD only seeks damages arising from the contract lease agreement between ARD and Binswanger. ARD has not provided any evidence that Trulite was now a party to the lease or owed a duty to pay ARD rent payments under the contract lease agreement between ARD and Binswanger. Binswanger rejected the lease in bankruptcy, and Trulite never purchased or assumed the lease from the Binswanger bankruptcy estate. We find ARD's claim is without merit.

### III. Damages

¶17. ARD asserts Trulite is liable for damages ARD incurred in the form of clean up and repair costs, rent (discussed above), and taxes. As proof of Trulite's liability for these damages, ARD submitted receipts for clean up and repair costs, and Davis's affidavit that gives an accounting of the dollar amount of damages. But ARD does not offer any evidence that Trulite actually caused the damages ARD claims. At most, ARD's assertion for causation against Trulite is Davis's affidavit stating that "[ARD] found that [the building] was left in a severely damaged condition." She also states that this observation was not made

7

until after any tenant(s), allegedly including Trulite, had vacated the property.

¶18. Neither ARD nor Davis offers any evidence to demonstrate Trulite actually caused the damages to the property. ARD just concludes that Trulite caused the damages to the building based on Davis's statements that Trulite was there, that Trulite moved out, and that ARD spent money on the building repairs and clean up. The affidavit does not demonstrate in any way that Trulite caused damages to ARD's property. For the same reasons mentioned above regarding the affidavit and occupancy of the building, we find Davis's affidavit concerning damages to be conclusory and less than sufficient. As ARD's complaint was based just upon a lease to which Trulite was not a party, we agree with the lower courts and, therefore, find that ARD's claim is without merit.

## CONCLUSION

¶19. For the reasons above and because ARD's theory of liability arose under a lease agreement to which Trulite was not a party, we affirm the circuit court's affirmance of the county court's grant of summary judgment for Trulite.

¶20. **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, JAMES AND WILSON, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.**